IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JACOB P. MORGAN | § | |
|     TDCJ-CID #10047950 | § | |
| v. | § | C.A. NO. C-08-358 |
| | § | |
| NUECES COUNTY, ET AL. | § | |

## ORDER DISMISSING CERTAIN CLAIMS AND RETAINING ACTION

This case was filed as a civil rights action by a county jail prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's Eighth Amendment claims alleging excessive force against Corpus Christi police officers Lieutenant Nichols, Officer John Doe No. 1, and Officer John Doe No. 2 are retained, in addition to his failure to train claim against the City of Corpus Christi.  Plaintiff's remaining claims against the Corpus Christi Police Department and Nueces County are dismissed.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Upon consent of the plaintiff, (D.E. 16), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 17); see also 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner currently confined at the Nueces County Jail. He filed this lawsuit on October 29, 2008, claiming that, during his arrest on October 15, 2008, defendants employed excessive force causing him physical harm and emotional distress in violation of the Eighth Amendment. (D.E. 1). Plaintiff named the following individuals and entities as defendants: (1) Nueces County; (2) Corpus Christi Police Department ("CCPD"); (3) Lieutenant Nichols; (4) Officer John Doe No. 1; and (5) Officer John Doe No. 2.

A Spears[1] hearing was held on January 20, 2009. The following allegations were made in plaintiff's original complaint, or at the hearing.

Plaintiff has custody of his two-year-old daughter. On October 15, 2008, at approximately 9:30 p.m., he asked his neighbor to watch his daughter at his home while he went to the corner store that is approximately two blocks away from his residence. On his way to the store, plaintiff noticed a marked CCPD vehicle. As he began driving back home, the CCPD officer turned on his lights and motioned for plaintiff to pull over. Plaintiff was aware that he

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

had an outstanding warrant pending for failure to pay child support, and assumed that was why he was being stopped.

Because plaintiff had left his two-year-old daughter with the neighbor, he did not pull over immediately, but instead, drove the extra block and pulled into his driveway. He got out of his car and put his hands in the air, and began explaining why he had driven home. He was approximately 25 feet from his front door. The arresting officer, Officer John Doe No. 1, charged at plaintiff and tried to strike him in his face with his fists. He dodged the strikes, but the officer then pepper sprayed him in the eyes. Plaintiff ducked away into the front door of his residence, followed by the arresting officer, plus Lieutenant Nichols and Officer John Doe. No. 2, who had arrived at the scene.

Inside plaintiff's home, the officers continued to assault him. He was forced to the ground and he allowed the officers to cuff him. The officers "stomped, kicked, and punched" him in the face. One of the officers held him down while Lieutenant Nichols pulled up on the handcuffs, dislocating his left shoulder. Lieutenant Nichols also sprayed pepper spray up plaintiff's shorts and onto his genitals. The entire time, plaintiff was trying to explain that his daughter was present and begging them to stop.

Plaintiff was placed in a patrol car where he waited for approximately one and a-half hours. The officers ran his records, and no warrants came up. In fact, plaintiff had to tell them about the child support warrant. He was charged with a defective rear taillight, possession of methamphetamine, and endangering and abandoning a child. The traffic violation and narcotics charge were dismissed.

Plaintiff is suing the three CCPD officers for excessive force.  He is suing the City of Corpus Christi for failure to train the officers properly, or having an unconstitutional policy of allowing excessive force.  At the hearing, plaintiff moved to dismiss Nueces County, admitting that he had named this defendant in error, and he moved to substitute the City of Corpus Christi in the place of the CCPD.  He wants the charges against him dismissed.  Moreover, he seeks medical care.  In addition, he wants psychological therapy for himself and his daughter.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.     Plaintiff's Claim Against The Corpus Christi Police Department Is Properly Against The City Of Corpus Christi.**

Plaintiff named the CCPD as a defendant.  However, the police department does not enjoy a separate legal existence from the municipality, and as such, it is not a proper party.  Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991) (administrative departments

of a Texas city are generally not capable of being sued). Accordingly, plaintiff's claims against CCPD are dismissed, and the City of Corpus Christi is substituted as the proper party defendant.

Plaintiff also sued Nueces County, but he admitted at the hearing that the County was not a proper defendant. Thus, Nueces County is dismissed from this lawsuit.

**C.**     **Plaintiff's Excessive Force Claims Against The Three Officers Are Retained.**

Plaintiff claims that Lieutenant Nichols, Officer John Doe No. 1 and Officer John Doe No. 2 used excessive force when arresting him.

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant. See Hudson v. McMillian, 503 U.S. 1, 6-7, 10, (1992) (stating that a claimant must show officials applied force maliciously and sadistically for the very purpose of causing harm); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). There are five factors to consider: "1. the extent of the injury suffered; 2. the need for application of force; 3. the relationship between that need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." Gomez, 163 F.3d at 923.

Here, plaintiff admits that he did not pull over when first directed to do so by Officer John Doe No. 1, but instead drove to his home. However, he claims that, as he got out of his vehicle, his arms were up in surrender and he began trying to explain the situation about his daughter. Despite his alleged submission, Officer John Doe No. 1 charged at him and pepper sprayed him in the eyes. Plaintiff also admits that he "ducked" into his home, but claims that

Lieutenant Nichols and Officer John Doe No. 2 then joined with Officer John Doe No. 1 in assaulting him, hitting him with fists and night sticks, and kicking him as well. He asserts that, even after he was handcuffed, Lieutenant Nichols pulled up on his shoulder while another officer held him down, dislocating his shoulder.

Plaintiff claims that he did not strike back and repeatedly tried to explain his actions. Taking plaintiff's allegations as true, he has sufficiently stated a claim of excessive force for purposes of § 1915A against the individual officers.

**D.    Plaintiff's Claim Against Corpus Christi Is Retained.**

Plaintiff has named the City of Corpus Christi as a defendant based on his claim against the CCPD.

As a unit of local government, the City of Corpus Christi cannot be held liable pursuant to § 1983 for the actions of officers or employees on a theory of *respondeat superior*. Instead, a municipality, such as the City of Corpus Christi, is only liable under § 1983 for a deprivation of rights protected by the Constitution or federal law that is inflicted pursuant to official policy.

For a municipality to be liable under § 1983, there must be: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). These three elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." Piotrowski, 237 F.3d at 578. "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will

almost never trigger liability." Id. (citation omitted). An "official policy" "may be either a written policy or 'a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. Id.

Plaintiff alleged that Corpus Christi has a custom or policy of using excessive force during arrests. For purposes of § 1915A screening, plaintiff has presented sufficient facts that, if true, may entitle him to relief. Thus, plaintiff's claim against the City of Corpus Christi is retained.

### E.     Plaintiff's Daughter's Claims Are Dismissed Without Prejudice.

Plaintiff purports to be seeking damage claims for his daughter. However, plaintiff is not an attorney, and as such, he cannot represent the interests of his daughter. See 28 U.S.C. § 1654; see also Aduddle v. Body, 277 Fed. Appx. 459, 461-62 (5th Cir. 2008) (per curiam) (unpublished) ("As a non-lawyer, [plaintiff] may not represent the interests of [his daughter] on a pro se basis, even assuming that he is her legal guardian."). Thus, any alleged claims of plaintiff's daughter against defendants are dismissed without prejudice.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby ORDERED that:

(1) Plaintiff's excessive force claims against Lieutenant Nichols, Officer John Doe No. 1 and Officer John Doe No. 2 are retained, and service will be ordered on these defendants;

(2) The Corpus Christi Police Department is dismissed, and the City of Corpus Christi is substituted as the proper party defendant.  Plaintiff's municipal liability claims against the City are retained;

(3) Nueces County is dismissed upon plaintiff's own motion; and

(4) Any claims of plaintiff's minor daughter are dismissed without prejudice.

ORDERED this 27th day of January 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE