IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JACOB P. MORGAN                    §
                                   §
v.                                 §          C.A. NO. C-08-358
                                   §
NUECES COUNTY, ET AL.              §

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This is a civil rights action filed by an arrestee of the Corpus Christi Police Department pursuant to 42 U.S.C. § 1983.  Pending are Defendants' motions to dismiss for want of prosecution.  (D.E. 47, 48).  For the reasons stated herein, Defendants' motions are hereby GRANTED.

## I.  JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. After consent by the parties, (D.E. 16, 27, 43), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment.  (D.E. 44); see also 28 U.S.C. § 636(c).

## II.  BACKGROUND

Plaintiff was arrested on October 15, 2008 and initially charged with a defective rear taillight, possession of methamphetamine, and endangering and abandoning a child, although the two former charges were dismissed.  (D.E. 18).  He was arrested at his home where police officers allegedly beat him and sprayed pepper spray in his eyes and on various parts of his body. (D.E. 1).

On October 29, 2008, Plaintiff filed this civil rights action pro se and on behalf of his daughter.  (D.E. 1).  His amended complaint alleged use of excessive force by Lieutenant

Nichols and other unnamed officers of the Corpus Christi Police Department, and failure to train on the parts of the Corpus Christi Police Department and the Nueces County Sheriff's Department.  (D.E. 8).  Following a January 20, 2009 <u>Spears</u>[1] hearing, an Order was entered on January 27, 2009 to dismiss certain claims and retain the case.  (D.E. 18).  Specifically, Plaintiff's excessive force claims against Lieutenant Nichols, Officer John Doe No. 1, and Officer John Doe No. 2 were retained, the city of Corpus Christi was substituted as the proper defendant for the Corpus Christi Police Department, the failure to train claim against the City was retained, and the claims against Nueces County and by Plaintiff's daughter were dismissed as improper.  <u>Id.</u> at 8.  At a March 27, 2009 status hearing, Officer Swain was identified as John Doe No. 1.  (D.E. 35).  John Doe No. 2 was subsequently voluntarily dismissed without prejudice as a defendant.  (D.E. 38).  Defendants Nichols, City of Corpus Christi, and Swain filed answers on February 17, 2009, February 27, 2009, and May 27, 2009 respectively.  (D.E. 25, 26, 42).

On March 2, 2009, Defendant City of Corpus Christi filed initial disclosures.  (D.E. 28). It also served discovery on Plaintiff on March 27, 2009, but received no response.  (D.E. 46). Defendant Nichols also served Plaintiff with discovery that went unanswered.  (D.E. 47, at 1). Months later on July 9, 2009, the Court ordered that discovery be completed by September 30, 2009.  (D.E. 45).  Plaintiff acknowledged that he received the discovery requests.  (D.E. 39, at 4).  On July 31, 2009,[2] Plaintiff was noticed that he was to be deposed by Defendant Nichols on August 12, 2009.  (D.E. 47, at Ex. A-1).  However, Plaintiff failed to appear for the deposition.

---

[1] <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985); <u>see</u> <u>also</u> <u>Eason v. Holt</u>, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at a <u>Spears</u> hearing is incorporated into the pleadings).

[2] Plaintiff's wife signed for the notice on August 8, 2009.  (D.E. 47, at Ex. A-2).

2

Id. at Ex. A.  To this date, Plaintiff has neither responded to Defendants' discovery requests nor explained his absence at his deposition.  Moreover, he has failed to respond to either Defendants' motion to dismiss for want of prosecution.[3]

## III.  DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order.  Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."  Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)).

In this case, Plaintiff did not participate in the discovery process at any point before or after the discovery deadline of September 30, 2009.  Furthermore, he has not responded to Defendants' discovery requests and did not appear for his scheduled deposition.  Plaintiff has failed to comply with this Court's orders and his inactions have prejudiced Defendants' abilities to prepare their defenses.  Accordingly, his action is dismissed for failure to prosecute his claim.

---

[3] Pursuant to Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition."

## IV.  CONCLUSION

Based on the foregoing, Defendants' motions to dismiss for want of prosecution, (D.E. 47, 48), are granted.

Ordered this 21st day of October 2009.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE